# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-8451 GW(PLAx) | Date | April 16, 2018 |
| Title | Francisco Gomez v. Mortgage Electric Registration Systems, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, U.S. DISTRICT JUDGE |

| John Lopez/Javier Gonzalez | Katie Thibodeaux |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Eliel Chemerinski specially appearing for Plaintiff, PRO SE | Viddell Lee Heard |

**Proceedings:** **Plaintiff's Motion For An Order Remanding Removed Action Back to State Court [25];**
**Defendant Erica Jones Motion to Dismiss First Amended Complaint [33]**
**Defendant's Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., And HSBC USA N.A. Motion to Dismiss Verified First Amended Complaint [37]**

The Court and counsel confer. The plaintiff submits on the tentative order.

Plaintiff's Motion For An Order Remanding Removed Action Back to State Court [25] is **DENIED**.

Defendant Erica Jones Motion to Dismiss First Amended Complaint [33] is **GRANTED** with leave to amend.

Defendant's Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., and HSBC USA N.A. Motion to Dismiss Verified First Amended Complaint [37] is **GRANTED** with leave to amend.

The Plaintiff's Second Amended Complaint is due no later than May 25, 2018.

| | : | 02 |
|---|---|---|
| Initials of Preparer | | JLO |

<u>*Gomez v. Mortgage Electronic Registration System, Inc.*</u>, Case No. 2:17-cv-08451-GW-(PLAx)
Tentative Rulings on: (1) Motion to Remand, and (2) Defendants' Motions to Dismiss

I. **Background**

    A. **Procedural History**

Plaintiff Francisco Gomez ("Plaintiff"), in pro per, brings this action against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); HSBC Bank USA ("HSBC"); Quality Loan Services Corporation ("Quality"); Wells Fargo Bank, N.A. ("Wells Fargo" and together with MERS, and HSBC "Defendant Companies"); and Erica Jones ("Jones") concerning events surrounding the foreclosure of Plaintiff's real property. *See generally* First Amended Complaint ("FAC"), Docket No. 30.

Plaintiff initially filed in state court and Defendants timely removed the action on November 20, 2017, invoking diversity jurisdiction. *See* Notice of Removal ("NOR"), Docket No. 1 at 2. On January 25, 2018, the Court adopted its tentative ruling dismissing Plaintiff's original complaint with leave to amend. *See* Order, Docket No. 28; *see also* Notice of Removal, Ex. A ("Compl."), Docket No. 1-1. The court's review of the FAC indicates that there are minimal differences between the original Complaint and the FAC, other than the deletion of five causes of action. *See generally* FAC. Defendant Companies and Jones now move to dismiss in separate motions, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See* Defendant Companies' Motion to Dismiss the FAC ("Companies' MTD"), Docket No. 37; Jones's Motion to Dismiss the FAC ("Jones's MTD"), Docket No. 33. Plaintiff filed two separate oppositions to those motions. Plaintiff's Opposition to Jones's MTD ("Pl.'s Opp. Jones's MTD"), Docket No. 39; Plaintiff's Opposition to Defendant Companies' MTD ("Pl.'s Opp. Companies' MTD"), Docket No. 40. Defendant Companies and Jones then filed separate replies in support of their motions. Defendant Companies' Reply in Support of Their MTD ("Companies' Reply MTD"), Docket No. 43; Jones's Reply in Support of Her MTD ("Jones's Reply MTD"), Docket No. 42. Additionally, Plaintiff moves to remand the action back to state court. Plaintiff's Motion to Remand ("MTR"), Docket No. 25. Defendant Companies filed their opposition to the MTR. Defendant Companies' Opposition to Plaintiff's MTR ("MTR Opp."), Docket No. 29. Plaintiff then filed his reply in support of the MTR. Plaintiff's Reply in Support of Motion to Remand ("MTR Reply"), Docket No. 36.

### B. Plaintiff's Allegations

On May 8, 2007, Plaintiff obtained a residential home loan from non-party Mortgageit, Inc., in the amount of $825,000.00 (the "Loan"). *See* FAC ¶ 15; Defendant's Request for Judicial Notice ("RJN"), Ex. A ("Note") at pages 1-3, Docket No. 38-1. The Loan was secured by a Deed of Trust against the real property known as 3518 Abbey Lane, Oxnard, California (the "Property"). *See* FAC ¶ 1; RJN Ex. B ("DOT") at pages 5-22, Docket No. 38-1. The DOT was recorded on May 15, 2017. *See* DOT. NDEX West, LLC was substituted in as trustee on February 19, 2010. *See* RJN Ex. C ("Notice of Substitution I") at pages 23-25, Docket No. 38-1. MERS assigned the DOT to HSBC on February 24, 2010. FAC ¶ 18; RJN Ex. D ("First ADOT") at pages 26-27, Docket No. 38-1. Jones signed the First ADOT on behalf of MERS. FAC ¶ 18; First ADOT. Jones is identified as an Assistant Secretary of MERS. FAC ¶ 18. Plaintiff claims that Jones did not work for MERS at that time, nor has she ever worked at MERS. *Id.* ¶¶ 18, 21-25. Plaintiff further charges that the MERS Board never authorized Jones to assign the DOT on MERS' behalf. *Id.* ¶¶ 21-26. As a result, Plaintiff contends that the First ADOT is void and that the DOT was never assigned to HSBC. *Id.* ¶¶ 31-34. Plaintiff also alleges that Jones's lack of authorization to sign on MERS behalf means that the First ADOT "contains a fraudulent assertion that said [First ADOT] was either executed by an Officer of MERS, or was executed by one with valid power or authority to execute such a document for MERS as an officer . . . ." *Id.* ¶ 35.

Plaintiff also claims that the Note was never transferred from the original holder and that any such transfer made after the closing date would have violated the relevant Pooling and Servicing Agreement ("PSA"). *Id.* ¶¶ 18, 36. Plaintiff avers that the party that notarized the First ADOT did so with the knowledge that Defendant Jones lacked authorization to sign the transfer. *Id.* ¶¶ 38-41. Plaintiff contends that another assignment of the DOT was recorded, again bearing the signature of an individual not authorized by MERS to execute that document. *Id.* ¶¶ 45-48; RJN Ex. F ("Second ADOT") at pages 35-37, Docket No. 38-1. On March 3, 2014, a second Substitution of Trustee was recorded pursuant to which Quality became the new trustee under the DOT. FAC ¶ 72; RJN Ex. G.

In December of 2013, Plaintiff applied for a loan modification from Wells Fargo. *See* FAC ¶ 59. Wells Fargo declined his application. *Id.* ¶¶ 60-65. Plaintiff previously sought and received a loan modification in 2010. *See* RJN Ex. E ("LMA") at pages 28-34, Docket No. 38-1.

A notice of default was recorded, followed by a Notice of Trustee's Sale, with the sale to take place on February 28, 2017. FAC ¶¶ 74-76. The Property was sold on February 28, 2017 to a third-party, who duly recorded the Trustee's Deed Upon Sale. *Id.* ¶ 76; RJN Ex. J ("DUTS") at pages 49-52, Docket No. 38-1.

## II. Motion to Remand

Plaintiff moves to remand the case to state court, claiming the absence of complete diversity of citizenship. MTR ¶¶ 11-25.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Diversity jurisdiction exists if the plaintiff has different citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For removals based in diversity, the removing defendant typically must show that the parties were completely diverse when the case was filed and removed, *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002), and that the amount in controversy exceeded $75,000 at the time of removal, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).

### B. Analysis of Citizenship

#### 1. Quality's Citizenship

The crux of the motion to remand rests on Quality's citizenship. Plaintiff contends that Quality is a citizen of California. MTR ¶ 12. Defendant Companies do not dispute that Quality

3

is a citizen of California. *See generally* MTR Opp. Instead, they argue that Quality is a fraudulently joined and/or a nominal defendant, and the Court should therefore disregard its citizenship for diversity purposes. MTR Opp. at 2-8.

      a. Nominal Defendant

Plaintiff argues that Quality never filed a declaration of non-monetary status pursuant to California Civil Code § 2924*l*. MTR ¶ 13. Though Quality did file a declaration of non-monetary status (sometimes referred to as "DNMS"), NOR, Ex. B at 132, Docket No. 1-1, Defendant Companies argue that Quality's "status as a nominal and fraudulent joined party is not based on the trustee's DNMS . . . Defendants do not rely on the DNMS or Plaintiff's failure to object to the DNMS. . . ."[1] MTR Opp. at 2. Instead, Defendants argue that aside from recording foreclosure notices, Plaintiff alleges no conduct by Quality to support its cause of action against Quality. MTR Opp. at 5.

Courts will ignore nominal parties' citizenship for jurisdictional purposes where they "have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citations and quotations omitted, punctuation altered). While it is true that trustees are often deemed nominal parties, however, that is not the case where a complaint contains substantive allegations against the trustee. *See Osorio v. Wells Fargo Bank*, No. C 12-02645-RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012) ("Admittedly, trustees are often deemed nominal parties, but an exception is made where the complaint contains substantive allegations against the trustee or seeks to recover money damages from the trustee") (collecting cases, citations omitted).

Courts have remanded foreclosure actions on the grounds that Quality was not a nominal or fraudulently joined defendant, but those cases included allegations that Quality violated specific statutes. *See, e.g.*, *Javaheri v. JP Morgan Chase Bank N.A.*, No. CV-15-04762-DMG,

---

[1]The Court would find that Quality's declaration of non-monetary status, dated November 15, 2017, was filed too close in time to the November 20, 2017 removal of this action. NOR; NOR, Ex. B (declaration of non-monetary status), Docket No. 1-1. Most courts have held that for a party to receive nominal party status through the filing of a declaration of non-monetary status, pursuant to California Civil Code 2924*l*, removal must occur after the 15-day statutory period has expired without objection. *See Melamed v. JPMorgan Chase Bank, N.A.*, No. LA CV-15-04314-JAK, 2015 WL 5923533, at *4 (C.D. Cal. Oct. 8, 2015); *see also Silva v. Wells Fargo Bank N.A.*, No. CV 11-03200-GAF, 2011 WL 2437514, at * 4 (C.D. Cal. June 16, 2011) (citation omitted); *Jenkins v. Bank of Am., N.A.*, No. CV 14-04545-MMM, 2015 WL 331114, at *6 (C.D. Cal. Jan. 26, 2015). Therefore, Quality's declaration of non-monetary status does not transmute nominal status to Quality.

2015 WL 5822579, at *2 (C.D. Cal. Oct. 1, 2015) ("[The plaintiff] does allege that Quality improperly recorded a notice of sale against his property while his loan modification application was pending, in violation of California Civil Code section 2924.18(a)(1)"); *Mulleneaux v. Wells Fargo Bank, N.A.*, No. CV-17-00780-BRO, 2017 WL 2604249, at *5 (C.D. Cal. June 15, 2017) (plaintiff bringing substantive violations against Quality, including violations of California Civil Code §§ 2923.55 and 2923.6(e)); *Freeman v. Wells Fargo Bank, N.A.*, No. 16-CV-03790-RS, 2016 WL 4535785, at *4 (N.D. Cal. Aug. 31, 2016) (plaintiff claiming Quality violated California Civil Code §§ 2923.55 and 2924.17)).

Here, even in the original Complaint where Plaintiff attempted to plead six causes of actions, only the UCL claim was alleged against Quality (and that cause of action made only one implicit reference to Quality, in the header, alleging the UCL claim "Against All Defendants"). *See* Compl. ¶¶ 150-66. Plaintiff makes the same sole reference to Quality in a cause of action within the header of now Count I (formerly the fourth cause of action). FAC ¶¶ 132-53. Though the Complaint and FAC question Quality's role as trustee, the challenge to Quality's status as trustee is not part of the lone UCL claim against Quality nor does any of Quality's allegedly improper actions make up the UCL claim. FAC ¶¶ 86, 50-66, 132-53; Compl. ¶¶ 84, 150-66. To the Court, this demonstrates Quality's status as a nominal defendant in this action. Despite the chance to amend, Plaintiff alleged no substantive claim against Quality that could possibly form the basis of recovery.[2] Because Quality is merely trustee and the relevant pleadings contain no causes of action against it (other than the UCL claim), the Court would find Quality to be a nominal defendant.[3] *See generally* Complaint; *see also generally* FAC.

      b. <u>Fraudulently Joined Defendant</u>

Defendant Companies argue that Quality is also a fraudulently joined defendant. MTR Opp. at 3-8. Plaintiff argues that is not the case. MTR ¶¶ 16-24.

---

[2] In one case granting a motion to remand, the court noted that Plaintiff challenged Quality's role as trustee, but that case also included substantive claims against Quality. *See O'Rourke v. Litton Loan Servicing LP*, No. EDCV 11-00450-VAP(DTBx), 2011 WL 13225138, at *7 (C.D. Cal. Aug. 15, 2011) (holding that "Plaintiff's allegations against Quality in the FAC include potentially substantive claims and, more critically, challenge Quality's role as the named Trustee. . . . [i]t is unclear whether Quality is a nominal defendant in this action.").

[3] Both the Complaint and the FAC make a number of factual allegations involving Quality. FAC ¶¶ 5, 73, 74, 75, 76, 83, 85-86, 104, 129; Compl. ¶¶ 5, 71-74, 81, 83-84, 102, 127, 183. In one of those factual allegations, Plaintiff challenges Quality's authority to act on behalf of the other defendants and questions whether Quality "validly substituted in as successor Trustee of Plaintiff's DOT." FAC ¶ 86; Compl. ¶ 84. Nonetheless, none of these factual allegations form the basis of a cause of action in either the Complaint or the FAC. *See generally* Compl.; *see also* FAC.

5

Because there is a general presumption against fraudulent joinder, defendants seeking to rely on the exception bear a "heavy" burden of proof. *Mendoza v. Host Int'l, Inc.*, No. CV 13-8671-GHK, 2014 WL 367296, at *1 (C.D. Cal. Feb. 3, 2014) (quoting *Hunter*, 582 F.3d at 1046). To meet that burden, the removing party "must negate every possible scenario within the ambit of a well-pled claim," *Iniguez v. Vantium Cap., Inc.*, No. C 13-00037-WHA, 2013 WL 1208750, at *2 (N.D. Cal. Mar. 25, 2013) (citations omitted), and must do so by "clear and convincing evidence," *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant may present facts in the form of summary judgment-type evidence showing the joinder to be fraudulent. *McCabe*, 811 F.2d at 1139; *Morris*, 236 F.3d at 1068 (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence")). But district courts "must resolve all disputed questions of fact," *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998), and "all material ambiguities in state law" in the plaintiff's favor, *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002). "Thus, if there is a non-fanciful possibility that plaintiff can state a claim under state law against the non-diverse defendants, the court must remand." *Barsell v. Urban Outfitters, Inc.*, No. 09-CV-2604-MMM, 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) (quotations omitted); *Sun v. Bank of Am. Corp.*, No. 10-CV-4-AG, 2010 WL 454720, at *3 (C.D. Cal. Feb. 8, 2010) ("[I]n the Ninth Circuit, a . . . defendant is . . . fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the [defendant]"). Failing to state a claim "is not sufficient to invoke fraudulent joinder or nominal party status." *Newman v. Select Portfolio Servicing, Inc.*, No. C-13-03685 JSC, 2013 WL 5708200, at *4 (N.D. Cal. Oct. 21, 2013) (citing *Latino v. Wells Fargo Bank*, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011)).

Plaintiff argues that Quality is not a fraudulently joined defendant. MTR ¶¶ 16-24. Defendant Companies argue that Plaintiff's UCL claim against Quality is "based entirely on its recording of foreclosure notices." MTR Opp. at 5 (citing Compl. ¶¶ 72-74). Defendant Companies also note that the original Complaint does not reference Quality under the UCL cause of action. MTR Opp. at 5 (citing Compl. ¶¶ 150-166). The Court need not address whether Plaintiff is a fraudulently joined defendant because it has already found Quality to be a nominal

defendant above. Quality's citizenship is therefore immaterial for diversity purposes.

### 2. Other Parties' Citizenship

Defendant Companies state in the NOR that Wells Fargo is a citizen of South Dakota, HSBC is a citizen of Virginia, MERS is a citizen of Delaware, and that Plaintiff is a citizen of California. *See* NOR at 2-5. Plaintiff does not dispute any of those contentions. *See generally* MTR. The Court will consider the aforementioned parties' citizenship as such.

Because the Court disregards Quality's California citizenship, the Court would find that complete diversity of citizenship exists as to the remaining parties.

### C. Analysis of Amount in Controversy

To invoke diversity jurisdiction, the party asserting jurisdiction must show the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "While a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, evidence establishing the amount is required once the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once the plaintiff contests, or the court questions the allegation and where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 876, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).

As the NOR points out, Plaintiff seeks damages of "no less than $2,000,000" and seeks to extinguish a residential home loan of $825,000. NOR at 10-13. The value of the Property upon foreclosure was $623,000. *Id.* at 13. The MTR does not dispute any of these figures nor does it argue that the amount in controversy requirement is not satisfied. *See generally* MTR. The Court would find the amount in controversy satisfied.

Therefore, because the Court finds complete diversity of citizenship and an amount in controversy in excess of $75,000, the Court concludes that it has subject matter jurisdiction over

this action and denies Plaintiff's motion to remand.

## II. Motion to Dismiss

### A. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

*Pro se* filings are construed liberally. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg*, 488 F.3d at 1205 (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading

'could not possibly be cured by the allegation of other facts and should be granted more liberally to pro se plaintiffs.'") (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (*en banc*).

   B. **Analysis**

      1. *Defendant Companies' Request for Judicial Notice*

Defendant Companies request that the Court take judicial notice of ten documents in deciding its Motion. *See generally* RJN. These ten documents are the same documents requested in its previous RJN. *See* November 27, 2017 Request for Judicial Notice, Docket No. 9. Plaintiff opposes this request. *See* Plaintiff's March 22, 2018 Memorandum of Points and Authorities in Opposition to Moving Defendants' RJN ("Opp. RJN"), Docket No. 41. Plaintiff echoes its reasoning regarding the prior request for judicial notice. *See* Opp. RJN; *see also* Plaintiff's December 27, 2017 Memorandum of Points and Authorities in Opposition to Defendant Companies' RJN, Docket No. 15.

Generally, a court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). There are two exceptions: (1) when material is attached to the complaint or necessarily relied on by the complaint, and (2) when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. *Id.* at 688-89 (further indicating that on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and that doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).

Here, Exhibits A through J are all properly subject to judicial notice. This is because two of these documents are referred to in the FAC and their authenticity is not questioned (Exs. A, E) while the remaining documents are true and correct copies of official public records (Exs. B-D, F-J). *See* RJN at 2-4. All of the documents are of the type that courts routinely take judicial notice of in foreclosure related cases. *See In re Davies*, 565 F.App'x 630, 632 (9th Cir. 2014) (holding that recorded assignment of deed trust was document of legal force and thus proper subject of judicial notice); *Farber v. JPMorgan Chase Bank N.A.*, No. 12-CV-2367-GPC-BGS, 2014 WL 68380, at *3 (S.D. Cal. Jan. 8, 2014) ("Federal courts routinely take judicial notice of facts contained in publically recorded documents, including Deeds of Trust, because they are matters of public record, and are not reasonably in dispute."). Moreover, many of these

documents form the basis of Plaintiff's claims, are referred to throughout the FAC, and are explicitly incorporated by reference into the FAC. *See generally* FAC. As such, the Court grants Defendant Companies' RJN and will consider those documents incorporated by reference into the FAC for the purposes of the pending motions. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (indicating that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" may be considered in ruling on a motion to dismiss); *see also U.S. v. Ritchie*, 342 F.3d 903, 908 (2003) (holding that if a document forms the basis of a plaintiff's complaint, the district court may consider it as part of the complaint and assume its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)).

Plaintiff argues that judicial notice of these documents is improper because the documents contain "a large number of material and relevant disputed factual claims . . . ." Plaintiff's Opposition to RJN at 4, Docket No. 41. Plaintiff further argues that judicial notice is improper because the documents are "the very type of documents that the Plaintiff asserts are void and unenforceable." *Id.* Plaintiff fails to identify any specific factual assertions that appear in these documents that are in dispute. Furthermore, while the Court takes judicial notice of the existence and recordation of the documents and the facts contained therein, it does not take notice that they *are legally valid and enforceable* documents. In other words, Plaintiff's arguments as to the fraudulent and void nature of the documents in question are not defeated through judicial notice alone.

In sum, the Court grants Defendant Companies' RJN in full.

### 2. *Count I − UCL*

Plaintiff alleges one cause of action in the FAC, rooted in the UCL. FAC ¶¶ 132-53. Only Paragraphs 147 through 151 were added to the UCL cause of action in the FAC; the rest are essentially copy pasted from the previous Complaint. *Id.* ¶¶ 147-51. Plaintiff cites law on unfair business practices in three of the five newly added paragraphs. *Id.* ¶¶ 147-49.

The UCL proscribes three avenues to challenge business practices: if they are "[1] unlawful, [2] unfair or [3] fraudulent . . . ." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619, 17 Cal. Rptr. 2d 708, 712 (1993). First, unlawful business practices are those "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994). Second, unfair

business practices "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Third, fraudulent business practices are those "likely to deceive the public." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (2006).

### a. Standing to Bring UCL Claim

Defendant Companies argue that Plaintiff lacks standing under the UCL because he "fails to plead facts showing that he suffered any injury or loss, let alone an injury or loss due to Wells Fargo's alleged conduct in violation of the UCL." Companies' MTD at 13-14. Plaintiff counters that "Defendants' illegal, unfair and unlawful conduct caused Plaintiff's home to be sold in foreclosure." Pl.'s Opp. Companies' MTD at 11.

To establish statutory standing under the UCL, "a private plaintiff [must] have suffered 'injury in fact and lost money or property as a result of the unfair competition.'" *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204) (punctuation altered). To establish standing, then, a UCL plaintiff must show that he or she "'lost money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution, and also requires a 'causal connection' between [the defendant's] alleged UCL violation and [his or] her injury in fact." *Id.* at 1203-04 (citations omitted); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008) ("The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation").

As mentioned above, Plaintiff argues that Defendants' "illegal, unfair and unlawful conduct caused Plaintiff's home to be sold in foreclosure." Pl.'s Opp. Companies' MTD at 11. Defendant Companies argue that Plaintiff's financial hardship and resulting failure to make mortgage payments led to foreclosure, rather than Defendants' actions. Companies' MTD at 13-14. Without sufficient allegations that Defendants caused the loss of the Property, the Court would not find standing for Plaintiff to assert this cause of action. *See Hernandez v. Specialized Loan Servicing, LLC*, No. CV 14-9404-GW, 2015 WL 350223, at *8 (C.D. Cal. Jan. 22, 2015) ("Without this allegation, the thing that caused [the plaintiff's] balance to increase or the title on her property to cloud under her then-existing mortgage was the failure to pay.") (citing *Hall*, 158

Cal. App. 4th at 855; *Schwartz v. Provident Life & Accident Ins. Co.*, 216 Cal. App. 4th 607, 613 (2013)). The Court would therefore dismiss this claim.

### b. Unlawful Prong

Plaintiff eliminated all causes of action in the FAC, except for Count I, formerly the fourth cause of action, alleging Defendants' violation of the UCL. *See generally* FAC. To the extent Count I is based on any of Plaintiff's prior causes of action eliminated from the FAC, this claim fails. *See Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 643-44 (2008) ("[S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable . . . ."). Those claims are no longer part of this action and they were dismissed by the Court in their previous form. As such, Plaintiff's UCL claim fails on the unlawful prong because the FAC only contains that claim and no other independent causes of action. *See Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.") (citation and internal quotation marks omitted).

### c. Unfair Prong

"A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut. Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). The California Courts of Appeal have identified three different test for unfairness under the UCL:

> The test applied in one line of cases requires that the public policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions.
>
> A second line of cases applies a test to determine whether the alleged business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.
>
> The test applied in a third line of cases draws on the definition of unfair in section 5 of the Federal Trade Commission Act (15 U.S.C. § 45, subd. (n)), and requires that (1) the consumer injury must be substantial; (2) the injury must not be outweighed by any

> countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided.

*Phipps v. Wells Fargo*, No. CV 10-02025-LJO, 2011 WL 302803, at *16 (E.D. Cal. Jan. 27, 2011) (internal citations and quotation marks omitted).

In the FAC, Plaintiff alleges the same three pieces of conduct as "unfair" that he alleged in the original Complaint: (1) wrongful foreclosure; (2) requesting unnecessary documentation to "provide a basis for denying loss mitigation options, such as a loan modification" and for failing to properly consider Plaintiff's Loan Modification Agreement; and (3) failing to "investigate claims of loss mitigation approvals or defects with the foreclosing documents or appropriateness of the parties foreclosing and in doing so such activity provides the basis for an 'unfair' inquiry . . . ." FAC ¶ 135(a)-(c). Because the FAC contains substantially the same factual allegations as the Complaint, the Court would dismiss the cause of action under the unfair prong of the UCL because Plaintiff does not plead sufficient facts to support this claim, just as it failed to do so before. *See Mendiondo*, 521 F.3d at 1104.

### d. Fraudulent Prong

To properly plead a UCL claim based on fraud, a plaintiff must "satisfy the particularity requirement of [Federal Rule of Civil Procedure] Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived." *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000) (citation and quotation marks omitted).

Plaintiff eliminated his California Civil Code § 1572 causes of action against Erica Jones and MERS alleging fraud. *See generally* FAC. Even so, the Court previously dismissed those causes of action for failing to state a claim. As it stands, the FAC does not plead sufficient factual allegations demonstrating fraud, and cannot satisfy the particularity requirement of Rule 9(b). Plaintiff makes conclusory statements such as "Defendant's scheme is premised on fabricating documents and using them . . . to conceal its fraudulent, illegal, and unfair practices." FAC ¶ 150. Plaintiff also alleges that "[t]he scheme is unquestionably unlawful, unfair, and fraudulent for purposes of Section 17200. It relies on fraudulent real estate documents to complete its schemes and continues in its loan modification procedural practices." *Id.* ¶ 151.

The Court would find that Plaintiff has not pleaded with particularity a UCL claim under the fraudulent prong.

e. Insufficient Allegations Against Jones

Jones argues that there are no specific factual allegations as part of the UCL claim against her. Jones's MTD at 2-3. Plaintiff rebuts, pointing to various factual allegations in the Complaint against Jones, namely Jones's lack of authority to execute the First ADOT. Pl.'s Opp. Jones's MTD at 9-12. Though Plaintiff is correct that the FAC alleges that Jones lacked the authority to execute the First ADOT, it does not allege this as a basis for the UCL claim. FAC ¶¶ 18-35, 132-53. As such, the Court would also dismiss Count I in the FAC against Jones for containing insufficiently pleaded factual allegations against her. *See Mendiondo*, 521 F.3d at 1104.

f. Statute of Limitations on UCL Claim Against Jones

Jones argues that Plaintiff's UCL claim against her expired under the four-year statute of limitations because Jones executed the First ADOT over seven years ago. Jones's MTD at 2. Plaintiff rebuts, arguing that Jones's fraudulent concealment justifies the tolling of the statute of limitations until March 10, 2017. Pl.'s Opp. Jones's MTD at 5-9.

For the same reasons stated above and in the previous Order, Plaintiff has insufficiently pleaded fraudulent conduct. More specifically, he failed to plead the who, what, when, where and how of Jones's alleged fraudulent concealment, required to establish tolling. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal. 2010) (holding that the plaintiff "failed adequately to allege fraudulent concealment sufficient to establish tolling."). The Court would therefore dismiss the UCL claims against Jones because her allegedly improper conduct occurred outside of the four-year period proscribed in the UCL. *See* Cal. Bus. & Prof. Code § 17208.

**III. Conclusion**

For the reasons stated above, the Court would **GRANT** Defendant Companies' MTD and **GRANT** Jones's MTD. The Court would dismiss the sole remaining claim in the FAC **WITHOUT** prejudice and would give Plaintiff 30 days to file a second amended complaint. As to Plaintiff's motion to remand, for the above reasons the Court would **DENY** that motion.